UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH BELILE,

                                  Plaintiff,

           -vs-                                    DECISION & ORDER

JOHN DOE #1, *et al.*,                         10-CV-6501-CJS

                                Defendants.

_____

**APPEARANCES**

For Plaintiff:                  Joseph Belile
                                   08A3707
                                   Clinton Correctional Facility
                                   Box 2001
                                   Dannemora, NY 12929

For Defendants:          J. Richard Benitez, A.A.G.
                                   New York State Office of the Attorney General
                                   144 Exchange Blvd, Suite 200
                                   Rochester, NY 14614

**INTRODUCTION**

**Siragusa, J**. Plaintiff Joseph Belile ("Belile") filed this pro se action seeking relief under 28 U.S.C. § 1983. Belile alleges that Defendants used excessive force and assaulted him in violation of his Eight Amendment constitutional rights. The case is now before the Court on Belile's motion for a temporary restraining order, filed on June 19, 2012, ECF No. 25. For the reasons stated below, the application is denied.

## BACKGROUND

Belile alleges that corrections officers at Elmira Correctional Facility ("Elmira"), on or about August 14, 2009, used excessive force against him. His application points out that he is now back at Elmira, that Sgt. Backer and Corrections Officers Aloi[1] and Murphy work at Elmira, and he fears for his safety. Pl.'s TRO appl'n at 1. He further states that, "I have reason to believe they will take action of some form of retaliation by setting me up or harming me in some way." *Id*. His application does not specify the basis for his belief. Belile asks for the following relief: "that the Court place me in this facility's protective custody and keep me there or have me transferred by contacting the facility to do so." *Id*.

## STANDARDS OF LAW

"A party seeking injunctive relief ordinarily must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33 (2d Cir.1995). In *Doherty Assoc., Inc. V. Saban Entertainment, Inc.*, 60 F.3d 27 (2d Cir. 1995), the Second Circuit discussed the requirements for a mandatory injunction:

> However, we have required the movant to meet a higher standard where: (i) an injunction will alter, rather than maintain, the status quo, or (ii) an injunction will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits....
>
> 1. Mandatory Injunctions
>
> The typical preliminary injunction is prohibitory and generally seeks only to maintain the *status quo* pending a trial on the merits. *See Abdul Wali v.*

---

[1] Aloi is not a named party in this litigation, thus, the Court does not have jurisdiction over him.

*Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985). A mandatory injunction, in contrast, is said to alter the status quo by commanding some positive act. *See id.* As noted above, this distinction is important because we have held that a mandatory injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.* (internal quotations and citations omitted); *see also SEC v. Unifund SAL*, 910 F.2d 1028, 1039 (2d Cir. 1990) (injunction going beyond preservation of *status quo* requires "a more substantial showing of likelihood of success"); *Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 441 (2d Cir. 1977). The "clear" or "substantial" showing requirement -- the variation in language does not reflect a variation in meaning -- thus alters the traditional formula by requiring that the movant demonstrate a greater likelihood of success. *See Unifund SAL*, 910 F.2d at 1039.…

Moreover, many mandatory injunctions can be stated in seemingly prohibitory terms. *See, e.g., Unifund SAL*, 910 F.2d at 1040 (imposing "substantial showing of likelihood of success" standard because "though the order is prohibitory in form, rather than mandatory, it accomplishes significantly more than preservation of the status quo").

*Doherty Assoc., Inc. v. Saban Entertainment, Inc.*, 60 F.3d at 34–35.

## ANALYSIS

Belile's application for a temporary restraining order fails to meet the high standards set out in the law. His allegations against the three employees at Elmira are speculative and he does not support them with any facts.

## CONCLUSION

Belile's application for a temporary restraining order, ECF No. 25, is denied.

IT IS SO ORDERED.

Dated: August 15, 2012
      Rochester, New York

                      ENTER.        /s/ Charles J. Siragusa
                                          CHARLES J. SIRAGUSA
                                          United States District Judge